Dear Superintendent King:
Your request for an Attorney General's Opinion regarding School District No. 16, Claiborne Parish, Louisiana has been assigned to me for research and reply.
You indicated that, pursuant to La.R.S. 17:1371, the Claiborne Parish School Board ("School Board") created several school districts comprising parts of Claiborne Parish, including specifically, School District Nos. 16, 26 and 13.
On March 14, 2000, a majority of those voting in a special election held in School District No. 16 authorized School District No. 16 to continue to levy a five (5) mills tax on all property subject to taxation in the District (the "Tax"), for a period of ten (10) years, beginning with the year 2000 and ending with the year 2009, for the purpose of giving additional support to the public elementary and secondary schools in School District No. 16, including paying the cost of acquiring, constructing, improving, operating and maintaining public school houses, buildings, facilities and equipment (the "Schools and Related Facilities").
On April 30, 2008, the Honorable S. Maurice Hicks, Jr., of the United States District Court Western District of Louisiana ordered School District No. 16 to close its Schools and Related Facilities beginning with the 2008-09 school year, and the students who would have attended the closed schools within School District No. 16 were reassigned to the schools located within School District No. 13 or School District No. 26 as proposed by the School Board (the "Order"). Pursuant to the Order, School District No. 16 will close its Schools and Related Facilities but will maintain the Schools and Related Facilities until a final disposition of the Schools and Related Facilities is made.
As the Schools and Related Facilities will be closed, School District No. 16's operation and maintenance costs will be greatly decreased. Conversely, expenses of operating the schools in School District Nos. 13 and 26 will increase as additional costs are incurred to educate the students from School District No. 16.
In light of the foregoing, you request our opinion with respect to the following questions: *Page 2 
 1. May School District No. 16 hold a new election to both continue the levy of the Tax and to rededicate the proceeds of the Tax heretofore and hereafter collected for the purpose of supporting the education of students who reside in School District No. 16 and attend public elementary and secondary schools in Claiborne Parish?; and
 2. Does the term "parochial subdivision" set forth in La.R.S. 33:221.2 apply to taxing districts created by the school boards, such that the Claiborne Parish Police Jury could extend the boundaries of School District Nos. 13 and 26 to include the respective areas of School District No. 16 that they now respectively serve?
We first note that La.Const. art. VIII, § 13(C) (Third) provides that:
 For giving additional support to public elementary and secondary schools, any parish, school district, or subschool district, or any municipality or city school board which supports a separate city system of public schools may levy an ad valorem tax for a specific purpose, when authorized by a majority of the electors voting in the parish, municipality, district, or subdistrict in an election held for that purpose. The amount, duration, and purpose of the tax shall be in accord with any limitation imposed by the legislature.
Additionally, La.R.S. 39:811 provides that:
 Under the authority of Article VIII, Section 13(C) (Third) of the Constitution of 1974, for the purpose of giving additional support to public elementary and secondary schools in addition to the ad valorem maintenance tax authorized by Article VIII, Section 13(C) (First) and (Second) of the Constitution of 1974, any parish, school district, or subschool district, or any municipality or city school board which supports a separate city system of public schools may levy an ad valorem tax for a specific purpose when authorized by a majority of electors voting in the parish, municipality, district or subdistrict in an election held for that purpose.
Considering the foregoing constitutional and statutory authority, it is the opinion of this office that School District No. 16 may hold a new election to rededicate the proceeds of the Tax heretofore and hereafter collected for the purpose of supporting the education of students who reside in School District No. 16 and attend public elementary and secondary schools in Claiborne Parish. Such a rededication would allow the Tax proceeds to be used to pay the increased expenses of operating the schools in School District Nos. 13 and 26 that are associated with educating the students from School District No. 16.
As to your second question, La.R.S. 33:221.2(A) provides, in pertinent part, that: *Page 3 
SENT TO 1ST ASST. FOR APPROVAL 6/26/09 *Page 4 
 "Notwithstanding any other provision of law, any parochial subdivision which, at the time of a proposed annexation, levies any previously authorized sales and use taxes or ad valorem taxes may, upon such annexation, extend the levy and collection of such taxes to the additional territory to be included within such parochial subdivision." [Emphasis added.]
It is the opinion of this office that the term "parochial subdivision" contained in La.R.S. 33:221.2(A) does not include taxing districts created by school boards. Title 33 pertains specifically to municipalities and parishes. If the legislature intended La.R.S. 33:221.2(A), it could have specifically included the term "school district" in addition to "parochial subdivision," as it did in, for example, La.R.S. 41:1211.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II